UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY WOODROME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-02638 JCH |
| | ) |
| ASCENSION HEALTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Nancy Woodrome's ("Woodrome" or "Plaintiff") Motion for Discovery. (Doc. 25). Defendant Ascension Health Alliance d/b/a/ Ascension's ("Ascension" or "Defendant") had filed a response in opposition and the motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion.

## BACKGROUND

Plaintiff Nancy Woodrome was, at all relevant times, employed as a licensed practical nurse at Ascension St. John Medical System ("St. John") in Tulsa, Oklahoma. (Doc. 26 at 2). Ascension is the sponsor and administrator of the self-funded Ascension Short-Term Disability Payroll Program ("STD Plan") and the Long-Term Disability Plan ("LTD Plan") (collectively, the "Plan") available to employees of St. John. In accordance with the terms of the Plan, Ascension delegated the discretionary authority with regard to claims administration to Sedgwick Claims Management Services, Inc. ("Sedgwick"), the Claims Administrator.

Woodrome alleges that she suffers from multiple sclerosis, migraines, fatigue, weakness, depression, and anxiety that rendered her disabled from her job at St. John. *Id*. at 2. Plaintiff received short-term disability ("STD") benefits between July 13, 2018, and July 20, 2018. Plaintiff

sought and was denied continued STD benefits on July 21, 2018. *Id*. Plaintiff alleges that this denial of continued STD benefits also "constructively denied [her] entitlement to LTD benefits under the Plan." (Doc. 1 at 3). On July 8, 2019, Woodrome brought the instant action under ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking a declaratory judgment that she is entitled to disability benefits she alleges are due her under the terms of the Plan. Subsequently, Plaintiff filed the instant motion seeking discovery concerning whether bias or procedural irregularities impacted her denial of benefits determination, and seeking the complete administrative record.

## **DISCUSSION**

Where an ERISA plan administrator has discretionary power to make benefit eligibility determinations, such as the Plan here, courts apply a deferential "abuse of discretion" standard of review. *See Metro. Life Ins. v. Glenn*, 554 U.S. 105, 111 (2008); *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan*, 476 F.3d 626, 628 (8th Cir. 2007). Under this discretionary standard, a federal district court considers whether "the administrator's decision is supported by such relevant evidence that a reasonable mind might accept as adequate to support such a conclusion." *LaSalle v. Mercantile Bancorporation, Inc., Long Term Disability Plan*, 498 F.3d 805, 809 (8th Cir. 2007).

Generally, judicial review in ERISA cases is limited to the evidence that was before the administrator, and thus, the parties may not request discovery of materials outside of the administrative record. *See Atkins v. Prudential Ins. Co.,* 404 F.App'x 82, 84-85, (8th Cir. 2010 (citing *Jones v. ReliaStar Life Ins. Co*., 615 F.3d 941, 945 (8th Cir. 2010)); *see also King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994, 999 (8th Cir. 2005) ("a reviewing court must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence") (internal quotation marks and citation omitted). This is because Congress enacted ERISA to provide for the quick and inexpensive adjudication of benefit disputes. *See Winterbauer*

*v. Life Ins. Co. of N. Am.*, 2008 WL 4643942, at *3 (E.D. Mo. Oct. 20, 2008).

Nonetheless, a court may allow expanded discovery if the plaintiff shows good cause. *See Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). A plaintiff can show good cause by establishing that the administrative record is insufficient to establish a "palpable conflict of interest" or a "serious procedural irregularity." *Farley v. Ark. Blue Cross and Blue Shield*, 147 F.3d 774, 776 n. 4 (8th Cir. 1998). "A palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts." *Id*.

Woodrome asserts that there was "bias and irregularity in [the] evaluation of her claim." (Doc. 26 at 4). However, Woodrome fails to set forth any arguments explaining why discovery is needed to determine whether Ascensions's relationship with Sedgwick constituted a conflict of interest. Woodrome has not asserted any factual allegations in her complaint or in her memorandum supporting her motion that shows an attempt by Defendant to influence the plan administrator's decision to deny her claim. A mere assertion of bias based on nothing more than speculation fails to show good cause to allow discovery beyond the administrative record. *See Westbrook v. Georgia-Pac. Corp.*, 2006 WL 2772822, at *4 (E.D. Ark. Sept. 26, 2006) ("It is not enough to allege generally that a conflict of interest may exist or that the case may have procedural irregularities.") (internal quotation marks omitted). Similarly, Plaintiff's assertion that there was "irregularity" in the evaluation of her claim is entirely unsupported by any factual assertions or examples of such irregularity. As Woodrome has failed to assert any facts that would demonstrate procedural irregularities occurred in her case, she has failed to show good cause why discovery outside of the administrative record should be allowed on that basis.

However, that is not entirely the end of the matter. To the extent that Woodrome seeks the

complete administrative record, she is clearly within her rights to do so. Deferential review of an administrative record requires review of the entire record. The Code of Federal Regulations provides procedures for a "full and fair review of a claim and adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(2). As part of this review, a claimant is entitled to receive a copy of "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). Thus, a plaintiff is entitled to the administrative record and should not have to engage in discovery to obtain a complete record as defined by the Regulations.

Regarding the scope of the administrative record, Subsection (m)(8) defines relevance, in pertinent part, as follows:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
> \*\*\*\*\*\*\*\*\*\*\*
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8)(ii).

Here, the administrative record provided to Woodrome and filed under seal with the Court contains multiple unexplained redactions. Plaintiff, in her discovery request submitted to Defendant, included six Interrogatories. Interrogatories One and Three ask Defendant to disclose the information that was redacted from the administrative record. Defendant specifically opposes the information sought in Plaintiff's other Interrogatories, and the Court agrees with Defendant's objections for the reasons discussed above. However, Defendant, in its memorandum in opposition to Plaintiff's motion, does not address or attempt to explain the reason for the redactions referenced in Interrogatories One and Three. Defendant has no authority to redact portions of the administrative record, to the extent that the redacted information falls within the definition of "relevant" documents, records, or information as described in 29 C.F.R. § 2560.503-1(m)(8)(ii). Therefore, to the extent the administrative record is incomplete, Defendant must provide Plaintiff

4

with the redacted materials needed to complete the record.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery (Doc. 25) is **GRANTED** in part and **DENIED** in part as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiff any redacted information required to complete the administrative record by no later than April 24, 2020.

Dated this 26th day of March, 2020.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE